IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HOWARD SHMUCKLER | * | |
| Petitioner, | * | |
| v | * | Civil Action No. GLR-15-3861 |
| WARDEN HOLLENBACK and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents. | * | |

***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Howard Shmuckler's Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Default Judgment (ECF No. 16). The Petition is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will deny and dismiss the Petition, deny the Motion for Default Judgment, and decline to issue a certificate of appealability.

### I.   BACKGROUND

The Court previously outlined the factual background of this case in its January 6, 2017 Order. (See ECF No. 14 at 1–2). In the January 6, 2017 Order, the Court observed that the instant petition is untimely and granted Shmuckler an opportunity to respond to the assertion that his petition is time-barred and to provide grounds, if any, for equitable tolling of the one-year filing period.

Shmuckler's response again indicates his belief that the instant petition is timely filed. He relies on a statement made by the United States District Court for the Eastern District of North Carolina in its December 16, 2015 Order re-opening this case and transferring it to this Court. (ECF No. 15-1). That Order indicates that Shmuckler had "demonstrated good cause for his failure to prosecute" when he explained that he had failed to respond to the court's directive to correct a deficiency in the pleading because the prison where he was incarcerated had been on a twenty-two day quarantine and lockdown. (Id. at 1). The Eastern District of North Carolina further indicated that since Shmuckler was challenging his Maryland state conviction, "transfer, rather than dismissal, is in the interest of justice, because state prisoners generally must file a Section 2254 within one year of their conviction." (Id. at 2). Shmuckler concludes that the Eastern District of North Carolina's Order transferring his Petition to this Court for adjudication is a finding by that court that his Petition is timely.

## II. DISCUSSION

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. See 28 U.S.C. § 2244(d). "[T]he one year limitation period is also subject to equitable tolling," however, "in those rare instances where, due to circumstances external to the party's own conduct, it would be unconscionable to enforce the limitation against the party and gross injustice would result." Hill v. Braxton, 277 F. 3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F. 3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by the respondents contributed to his delay in

filing his petition or that circumstances that were beyond his control caused the delay. See Harris, 209 F. 3d at 330. A federal habeas petition does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167, 175 (2001) (a federal habeas petition is not an application for State post-conviction or other collateral review within the meaning of §2244(d)(2) and therefore does not toll the limitation period while it is pending).

Shmuckler's reliance on the Eastern District of North Carolina's December 16, 2015 Order transferring the case to this Court is misplaced. The only issue the court addressed in that Order was whether the case should be reopened and, in light of Shmuckler's explanation regarding why he missed the deadline to correct the deficiency in the pleading filed, the court concluded there was good cause to reopen the case. In addition, the Eastern District of North Carolina noted that it was transferring the case under 28 U.S.C. §2241(d), which states in relevant part: "The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." (Emphasis added.) In short, the Eastern District of North Carolina's December 16, 2015 Order did not address whether the Petition stated a claim or met all procedural requirements for a Section 2254 petition. The Order reserved those matters for this Court to determine.

Shmuckler's petition is deemed filed on January 21, 2015, the date he signed it. (ECF No. 1 at 6), see United States v. Dorsey, 988 F.Supp. 917, 919–20 (D.Md. 1988).[1] Shmuckler did not file a direct appeal by way of application for leave to appeal with the Maryland Court of Special Appeals, nor did he file a petition for post-conviction relief with the Circuit Court for Prince George's County, Maryland, each of which would have tolled the limitations period. Because Shmuckler filed the Petition over three months after the limitations period expired, it is untimely. In addition, Shmuckler has not offered a basis for the Court to toll the limitations period. Absent a basis for equitable tolling of the limitations period, the Court must dismiss the Petition.

Where, as here, a petition for writ of habeas corpus is dismissed solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rouse v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). The Court concludes that Shmuckler has not provided a basis to issue a certificate of appealability. Accordingly, the Court will not issue one.

---

[1] Respondents erroneously note the date that Shmuckler signed his Amended Petition (ECF No. 7) as the date the instant petition was filed. In any event, that error does not change the Court's conclusion.

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss Shmuckler's Petition for Writ of Habeas Corpus (ECF No. 1). A separate Order follows.

Entered this 30th day of October, 2017.

/s/
George L. Russell, III
United States District Judge